## Fickes *against* Wireman.

In what case, and under what circumstances, a legatee will be charged with interest upon advancements; and the effect of the settlement of an administration account by executors upon the question of interest.

ERROR to the common pleas of *Adams* county.

This action was brought in the court of common pleas of Adams county by the defendant in error, James Wireman, to recover a legacy bequeathed to him by the will of his father, John Wireman deceased. The testator, by his will, dated the 11th of July, and proved the 8th of September following, in the year 1804, *inter alia*, bequeathed as follows, to wit: "it is my will that the rest of my movable estate be sold to pay my lawful *debts*, *but no rails* shall be considered as movable; and if any money be left after my just debts and funeral charges be paid, it shall be equally divided among my ten children, viz. William Wireman, Eleanor Howell, Gertrude Pennox, Mary Hart, Catherine Wireman, Hannah Wireman, Rachel Beales, Phebe Wireman, *James Wireman* and John Wireman, share and share alike, but the *book account* must be settled off as far as it shall amount; if there is more in the book account against any, these my children, than their share in my personal estate, it shall stand for a further settlement, but that in the book against Abraham Beales shall not be charged to my daughter Rachel Beales."

In his book of accounts are the following charges made by the testator, in his own handwriting, against James Wireman, the plaintiff below, to wit: "April 1790, to one loom and gears, 3*l*. 1*s*. 6*d*. For two cows, 9*l*. 1793, to one horse, 22*l*. 10*s*. To plough irons, 1*l*. 7*s*. 6*d*. To hangings for double-trees, 7*s*. 6*d*. May 22, 1797, to cash by his mother at L. Hatton, 60*l*. This 60*l*. is to carry interest from the day it was got."

John Fickes and Thomas Pearson, who were the executors of the will of the testator, settled an administration account of the estate of the testator, which, on the 30th of May 1809, was confirmed by the orphan's court of Adams county, showing a balance in their hands of 1073 dollars and 12 cents, *including accounts due* the testator from several of the legatees, as *entered on the inventory*, which remained to be distributed according to the directions of the will of the testator.

On the trial of the cause below, it was made a question before the court, whether James Wireman, the defendant in error, was chargeable with interest upon the 60 pounds set down against him in the testator's book, from the date of the charge to the settlement of the administration account in 1809; upon which the court directed the jury that the executors had not charged themselves with interest

[Fickes v. Wireman.]

upon it in this settlement of 1809; or, in the words of the judge, that the balance then struck and confirmed by the orphan's court, did not include interest upon the 60 pounds, and that James Wireman, the plaintiff below, could not be charged, in this action, with interest on the 60 pounds, anterior to the settlement of the adminis-nistration account in 1809.

The charge of the court upon this point was excepted to, and was assigned for error.

*Stevens*, for plaintiff in error.
*Fuller*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The settlement, by the executors, in 1809, has reference to the inventory, and the balance of 1073 dollars 12 cents found in their hands is stated to include the accounts due to the testator from the several legatees, " *as entered on the inventory.*" It is said the inventory was not produced on the trial; nor does it appear, from the statement given of the evidence, that it was. On the face of the administration account, as stated on settlement, the executors are charged with the amount of the inventory, without giving the items contained in it; and there is no other charge in the account which embraces the charges in the book of the testator against the legatees; so that, from the face of the account itself, as stated and confirmed by the orphan's court, it does not appear whether they charged themselves with interest or not on the 60 pounds. It is unnecessary to decide whether it was proper or requisite that the executors should have made a return, in the inventory, of the accounts charged in the book of the testator against his children, and again have charged themselves with them in their administration account. But I am inclined to think that the testator never intended these accounts should be paid by his children, but merely that they should be deducted out of that portion of his estate, which would ultimately be coming to them respectively, according to the distribution which he designed to make of it; and if such charges or advances to any one should happen to exceed his proportion, it was not intended that the surplus should be paid by him, but that it should merely preclude him from receiving any more of the testator's estate. In short, that the charges were considered by the testator in the nature of advances made by him to his children respectively, and not as debts for which they were to be accountable at any future day, and to repay to him or any of his representatives in any event whatever. Entertaining this opinion, I think it would have been as well, if not better, had these charges been left out of the administration account. But, since the executors have adopted the mode they did, of bringing these accounts, found in the book of the testator against the children, into their administration account, and charging themselves with them, as if they were part of the testa-

[Fickes v. Wireman.]

tor's estate, I think it was certainly their duty to have charged themselves, as well with the interest of the 60 pounds as the principal, because the testator has directed the one as well as the other. ·The only plausible object for introducing these charges into the administration account must have been to aid, as it was supposed, in making a future distribution, according to the directions of the will, among the legatees; and for this the will and the book of the testator were to be their guide and directory, which required the interest to be. charged as well as the principal. Hence, in the absence of testimony to the contrary, it must be presumed that the executors, in this particular, did their duty; and as that required them to charge the interest as well as the principal, the conclusion is that they accordingly did so. I therefore think the court below was wrong in the construction which they put on the administration account *per se*, by saying that no interest was charged by the executors upon the 60 pounds. If, however, the inventory were produced, and given in evidence, then I consider that the court were right in saying that no interest was charged on the 60 pounds; because the inventory shows clearly that no interest was charged for the 60 pounds on it; and by comparing the inventory with the administration account, it appears that the amount of it is adopted and introduced into the administration account without any addition of interest.

But whether the inventory was produced or not, I still think the court below erred in directing the jury that no interest ought to be charged in this action against James Wireman, the plaintiff below, on the 60 pounds previously to the settlement in 1809. For whether the executors charged themselves with interest on that sum or not, James Wireman is chargeable with it in making distribution between him and the other legatees according to the express directions of the testator as contained in the will and the book of accounts, when taken in connection, as they must be, in order to get at the wish and design of the testator. I do not consider that charging James Wireman with interest on the 60 pounds· will in the least affect or change the decree of the orphan's court confirming the administration account of the executors as stated. That decree must stand. I consider it conclusive as to the amount with which the executors are chargeable, unless, perhaps, fraud could be shown. But it cannot be looked on as binding or conclusive with respect to matters not involved in it at all, upon which the court never passed. Now it is manifest that the distribution to be made of the balance of the testator's estate found in the hands of the executors, and in what proportions it should be paid to each of the legatees, are matters not embraced in the decree of the orphan's court: no decree on this subject was made; nor was the court required to make any such. Indeed, in the hurry of the trial below, with but very little time to reflect on the various questions which were presented in the course of it, the judge who delivered the opinion of the court seems either to have misapprehended the nature of the decree, or otherwise the effect

[Fickes v. Wireman.]

which charging the plaintiff below with interest on the 60 pounds would have upon it. He seems to have thought that the plaintiff below had · secured to him a certain sum by the decree of the orphan's court, that would be necessarily diminished by charging him with interest on the 60 pounds from the time it was advanced to the settlement in 1809. His words are, "such charge cannot be made prior to the first account in 1809. The final account of the executors having been settled and confirmed, *no change* can now be made affecting injuriously the interests of the plaintiff, without his consent. The account could only be *reversed* or *altered* by appeal." I am unable to perceive how it would affect the decree of the orphan's· court, or change it in the least, to charge the plaintiff below with interest upon nine-tenths of the 60 pounds between the date of the entry in the the testator's book, and the date of the settlement in 1809.· This would be right, in case the executors, in stating their administration account and striking the balance of 1073 dollars 12 cents, have omitted to charge interest upon the 60 pounds. But if, in producing that balance they charged interest, then the plaintiff below ought to be charged with interest on the whole of the 60 pounds from the date of the entry in the testator's book. This latter proposition accords with what I would infer was the opinion of the court below in case they had thought that the executors had charged themselves with interest on the 60 pounds. But supposing they did not, the result will be precisely the same, by charging the plaintiff below with interest on nine-tenths of the 60 pounds from May 1797, as if they had charged interest in their account on the whole of the 60 pounds from that date, and the plaintiff below had been charged interest on the whole amount from the same date. In making distribution of the testator's estate between the plaintiff below and the other legatees, he must account to them for nine-tenths of the interest upon the 60 pounds, and this he must do without regard to the form in which the executors have settled their account. The form need and therefore must not change the result. If the executors charged themselves with interest on the 60 pounds, then the plaintiff below must be charged with interest on the whole of it too ; but if they omitted to charge interest on it, then the plaintiff below ought to be charged with the interest only on nine-tenths of the 60 pounds, which will make the result precisely the same in either case. In the first case it is right to charge him with interest on the whole, because he gets his one-tenth of the interest allowed to him in the dividend or apportionment made of the balance including it between him and the other legatees ; but in the latter case, the executors not having charged themselves with the interest, he of course could receive no dividend including it, and therefore shall only be charged with interest on the nine-tenths—that is, the proportion coming to the other legatees.

Judgment reversed, and *venire de novo* awarded.